## TORREY v. STANDISH et al.

*(Supreme Court, General Term, Fifth Department. October 28, 1891.)*

FINDINGS OF REFEREE—REVIEW ON APPEAL—ADMISSIONS.

In an action upon an open account for personal property sold and services rendered, assigned to plaintiff, the contention was that the account had never been assigned. *Held* that, where defendants' counsel had stated at the trial before the referee that no issue would be made as to the amount of plaintiff's claim for a certain item of the personal property, this carried the whole of the claim based upon the assignment, except as to the item for services, and the latter could not be deducted, where the whole of the evidence is not presented, and no request was made to the referee to find upon such item otherwise than as he had.

Appeal from judgment on report of referee.

Action by Samuel H. Torrey, Jr., against Henry Standish and Caroline A. Standish, executors of Salem Standish, deceased, to recover upon an open account. There was a trial before a referee, which resulted in a judgment for plaintiff. Defendants appeal. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*Charles H. Paddock*, for appellants. *Edwin Hicks*, for respondent.

MACOMBER, J. This action was brought to recover upon an open account for the personal property sold and delivered by Samuel H. Torrey and George

T. Standish, respectively, and for work, labor, and services and moneys laid out and expended by them, which accounts had been assigned to the plaintiff. Besides the general denial, the answer contained allegations of settlement made by the original contractors, together with payment and counter-claims. Upon the issue presented by the reply filed to the counter-claims, the trial was had before a referee, which resulted in a judgment for the plaintiff. The referee has found, upon competent evidence, that, from the spring of 1865 to June 30, 1873, Samuel H. Torrey, the plaintiff's assignor, sold and delivered to Henry Standish and Salem Standish, (the latter now deceased, being represented by his executrix,) who were then partners in business, personal property of the agreed price, and performed legal services at their request, and for which they became liable to pay several sums of money, amounting in all to $1,486. He has also found, as applicable in part to the payment of such claim, many items of account fully set out in his report, of Standish Bros., amounting to $1,026.55, leaving a balance in favor of Samuel Torrey, upon that cause of action, of the sum of $459.45. The referee further finds that George T. Standish had a claim against the defendants amounting to the sum of $1,392.15, but that the same had been reduced by payments and counter-charges on the books of the parties in the sum of $962.48, leaving a balance due to George T. Standish, which was assigned to the plaintiff, of $429.67. Upon these two balances of accounts he gives judgment for the plaintiff in the sum of $889.12.

Every intendment must be made in behalf of the correctness of the judgment entered upon this report. The case fails to show that all the evidence is returned to us, and there are no requests made to the learned referee to find upon any questions of fact differently from the conclusions, as has already been stated, to which he arrived. An elaborate argument, however, has been addressed to us, by the learned counsel for the appellant, to the effect that the claim of Samuel H. Torrey against the defendants had not been assigned to the plaintiff, and that, consequently, the plaintiff could not recover thereon. By reference to the case, however, it will be found that the ground-work of such contention is wholly cut away by the admissions made by the defendants upon the trial. At the hearing on September 23, 1881, the following proceedings were had: "Plaintiff, Torrey, admits the item of $100 charged 8th of August, 1865, in defendants' bill of items. Defendants' counsel states that no issue will be made as to the amount of plaintiff's claim for wood. Plaintiff, Torrey, admits that about September, 1865, defendants paid to G. T. Standish, for him, $100.00; also that they paid Captain Herendeen, for him, charged November 14, 1865, $35, and order on Herendeen, December, 1865, for $46.50." It is obvious that the statement by counsel that no issue would be made as to the amount of plaintiff's claim for wood carried the whole of plaintiff's claim based upon the assignment of the account against the defendants, except the item of $20, the latter being for legal services. But even this item cannot be deducted, inasmuch as, as has already been stated, the whole of the evidence is not before us, and because there was no request made to the referee to find otherwise than he has upon that item. In respect to the claim of the plaintiff based upon the assignment of the account of George T. Standish against the defendants, it appears that the conclusion arrived at by the referee was amply sustained by the testimony of George T. Standish, which is given in detail. The principal items of this claim do not appear to be substantially disputed, though in minor details there is a conflict of evidence, but a preponderance of the evidence is in favor of the plaintiff's contentions in respect to such item. We have examined the several exceptions taken at the trial, to which our attention has been called by counsel for the appellants, but do not find in them any error which would impair the correctness of the conclusions reached by the referee. It follows, therefore, that the judgment appealed from should be affirmed. All concur.